**Mrs. Minnie D. CRAIG, Plaintiff-Appellant,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 26857**

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

Sept. 5, 1969.

Rehearing Denied Sept. 19, 1969.

James D. Davis, Alexandria, La., for plaintiff-appellant.

Edwin L. Weisl, Jr., Asst.Atty.Gen., Edward L. Shaheen, U.S.Atty., Shreveport, La., John C. Eldridge, Robert E. Kopp, Dept. of Justice, Washington, D.C., for defendant-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I.

In 1953, the appellant's husband, after turning 65, filed an application for old-age benefits under Section 202 of the Social Security Act, Title 42, U.S.C. § 402.[1]

These were denied on the basis that Mr. Craig was not a "fully insured individual".[2] No hearing or reconsideration of the Secretary's determination was

---

1. Mr. Craig also filed at that time an application for benefits for his children. The appellant, Mrs. Craig, filed an application for wife's insurance benefits.

2. To qualify as a "fully insured individual", the worker in the circumstances present must have earned fifty dollars in at least six calendar quarters. Title 42, U.S.C. §§ 413, 414(a).

requested even though Craig and his wife were advised of their right to make such a request.

After Joe Craig died in 1957, the appellant filed an application for survivor's benefits under Section 202 of the Act, Title 42, U.S.C. § 402. The application was based on the same earnings record of her husband that was before the Secretary in 1953. The Secretary found that Craig was not a "fully insured individual" and that the appellant was not entitled to survivor's benefits. Although the appellant requested and received a hearing, she did not appeal the Secretary's decision.

In 1965, armed with additional evidence, Mrs. Craig made another application. Again the Secretary did not find the requisite quarters.[3] Finally, the appellant exhausted her avenues of administrative review and brought an action in the court below.

Initially, the district court sided with the Secretary and found no coverage. After a rehearing, the district court found the Secretary's records to be unreliable and found that Craig had worked the prerequisite quarters on the basis of the oral testimony. Accordingly, the district court sent the case back to the Secretary for computation of the benefits due.

The Secretary found that past-due monthly benefits of $1,145 were owing to the appellant and $1,399 to her children. The Secretary based the computations on a starting date of August 1964, twelve months prior to the appellant's application in August 1965, because Section 202(j) (1) of the Act, Title 42 U.S.C. § 402(j) (1) limits retroactive payments to twelve months prior to the date of application.

Appellant attacked this computation in the district court by arguing that the decision in her favor on the 1965 application reopened the former applications and that the benefits should be paid on the basis of the 1953 and 1961 applications. The district court disagreed and adopted the Secretary's computations. This computation dispute is the sole issue on appeal.

There can be no question here but that the determinations of the Secretary in 1953 and 1961 were final decisions. See Title 42, U.S.C. § 405(g) and (h); and 20 C.F.R. §§ 404.908, 404.916. The appellant argues however that under certain conditions these determinations may be reopened. We find no permissible legal basis upon which to reopen the earlier determinations. Accordingly we affirm the district court.

## I.

### *The 1953 Application*

20 C.F.R., § 404.957(c) provides that a final decision may be reopened "at any time" when the Secretary's determination "was that the claimant did not have the necessary quarters of coverage, but thereafter earnings were credited to his account, pursuant to Section 205 (c) (5) (C) (D) or (G) of the Act which would have given him an insured status at the time of such determination or decision if such earnings had been credited to his account then". The appellant contends that Section 205(c) (5) (G) of the Act, Title 42 U.S.C. § 405 (c) (5) (G)[4] covers her case. The ap-

---

3. The Secretary in 1953 found only four quarters in which Mr. Craig had met the statutory requirements. In 1961, the Secretary determined that Craig had received credit for earnings made by a L. H. Craig and reduced the quarters worked to three. After a hearing which was requested by Mrs. Craig, the Secretary recalculated the quarters and determined the proper number to be four. After the Secretary heard the new evidence in 1965, Mr. Craig was credited as having worked five quarters.

4. The Section provides in pertinent part:
 "(5) After the expiration of the time limitation following any year in which wages were paid or alleged to have been paid to * * * an individual, the Secretary may change or delete any entry with respect to wages or self-employment income in his records of such year for such individual or include in his records of such year for such in-

pellant argues that the 1953 application was reopened since the final determination of the 1965 application which was favorable to her required the Secretary to make changes in his records "to correct errors made in the allocation, to individuals or periods, of wages or self-employment income entered in the records of the Secretary". We disagree.

 Section 205(c) (5) (G) relates only to situations in which earnings were reported but allocated to the wrong person or period.[5] In this case all wages reported to the Secretary had been properly allocated. Although the court below determined that Craig had the requisite six quarters, the court did so on extrinsic evidence and not on the basis of a re-allocation of what was already on the Secretary's record. In short, Section 205(c) (5) (G) deals with errors in the Secretary's records due to the incorrect allocation of wages to wrong individuals or periods. It does not allow changes to be "made at any time" in the Secretary's reports when the changes sought are based upon missing information never previously reported.

Since Section 205(c) (5) (G) is of no avail, there is no basis upon which benefits now can be paid on the 1953 application. Decisions of the Secretary not pursued through the review process,—both administrative and judicial—as permitted by the regulations and statute, are final. Sangster v. Gardner, 6 Cir. 1967, 374 F.2d 498.

## II.

### The 1961 Application

The appellant contends that apart from the 1953 applications, she is entitled to recover benefits based on the 1961 applications. 20 C.F.R., § 404.-957(b) permits a reopening of an application "within 4 years after the date of the notice of the initial determination * * * upon a finding of good cause for reopening such determination or decision". The appellant argues that the 1965 application reopened the 1961 determination because it was filed within the four year period and the fact that the district court found in her favor demonstrates good cause.[6]

 Both the 1961 and 1965 applications turned on the identical question determined by the Secretary in denying the 1953 application, i. e. whether Joe Craig had sufficient earnings during the requisite quarters to be fully insured. Thus just as the 1961 application was an attempt to reopen the 1953 determination so was the 1965 application. We view the 1965 application as an attempt to reopen the 1953 determination rather than as an attempt to reopen the 1961 determination. As a result, the four year period prescribed by 20 C.F.R., § 404.957(b) is inapplicable since the time for reopening the 1953 application has long since passed. Consequently if the 1961 determinations or the 1953 determinations are to be reopened, it must be accomplished under the limited circumstances of 20 C.F.R., § 404.957(c) which permits reopening at any time. A careful review of the

---

dividual any omitted item of wages or self-employment income but only—

 \* \* \* \* \*

 (G) to correct errors made in the allocation, to individuals or periods, of wages or self-employment income entered in the records of the Secretary;
* * *".

5. The committee report explained that the purpose of Section 205(c) (5) (G) was:

"To correct errors resulting from the employer's reporting of wages for an incorrect period, or from his report-

---

ing wages for one individual under the name and account number of another." (Public Law 734, 81st Congress). Senate Report No. 1669, 2nd Session Pg. 118, U.S.Code Cong.Serv.1950, p. 3412.

6. Since the notice of initial determination concerning the 1961 application took place on March 3, 1962 and the 1965 application was filed on August 17, 1965, the appellant is clearly within the four year period if 20 C.F.R., § 404.957(b) is applicable.

record reveals no such conditions and thus reopening is not possible. Therefore the district court was correct in determining that the appellant should receive retroactive benefits from the 1965 application only.

Affirmed.