Charlton L. WALLACE, Plaintiff-Appellant,

v.

Caspar W. WEINBERGER, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 25939.

United States Court of Appeals, Ninth Circuit.

Nov. 21, 1973.

Rehearing Denied Dec. 20, 1973.

W. Edward Morgan (argued), Tucson, Ariz., for plaintiff-appellant.

Richard K. Burke, U. S. Atty., Raymond Battocchi, Atty., Dept. of Justice (argued), Ann Bowen, Asst. U. S. Atty., Tucson, Ariz., Morton Hollander, Chief App. Section, Civ. Div., U. S. Dept. of Justice, Washington, D. C., Robert E. Kopp, Washington, D. C., for defendant-appellee.

OPINION

Before CHAMBERS, MERRILL, KOELSCH, BROWNING, DUNIWAY, ELY, HUFSTEDLER, WRIGHT, TRASK, CHOY, GOODWIN, WALLACE and SNEED, Circuit Judges.

PER CURIAM:

Since 1960 appellant has unsuccessfully sought social security benefits for disability. Six applications have been made, and all have been rejected by the Department of Health, Education and Welfare. On only one, the fourth application, made in 1964, did appellant pursue his remedies to a hearing and, in 1966, to findings of fact and adverse final decision upon the merits by a hearing examiner and the Appeals Council. He was then advised of his right to commence a civil action for review within the sixty day period specified by statute,[1] but he failed to initiate such a proceeding.

1. 42 U.S.C. § 405(g).

The application now before us, appellant's sixth, was filed in 1968. It did not assert new bases of disability, but essentially sought reconsideration of the 1966 findings and decision on the ground that new facts disclosed error. Accordingly the application was not treated as an original application, but properly was treated as an application to reopen the 1966 final decision. This application was denied for failure to present new and material evidence warranting a reopening, and a request for a hearing was dismissed by a hearing examiner and by the Appeals Council. Appellant then sought judicial review. The District Court entered judgment denying any relief.

The Secretary contends that under 42 U.S.C. § 405(h) judicial review of an order denying reopening is lacking. Such was the holding of this court in Stuckey v. Weinberger, 488 F.2d 904 (9th Cir. 1973) filed this day.

Judgment affirmed.