**Edward Branch GREEN, Plaintiff-Appellant,**

**v.**

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 73–3117.**

United States Court of Appeals, Fifth Circuit.

Sept. 9, 1974.

---

Fred J. Rafes, J. D. Rutland, Beaumont, Tex., for plaintiff-appellant.

Roby Hadden, U. S. Atty., Tyler, Tex., Robert H. Nicholas, Jr., Asst. U. S. Atty., Beaumont, Tex., Kathryn H. Baldwin, Thomas G. Wilson, Atty. Dept. of Justice, Washington, D. C., for defendant-appellee. .

Before GEWIN, THORNBERRY and SIMPSON, Circuit Judges.

THORNBERRY, Circuit Judge:

Since 1960 appellant has filed six applications with the Social Security Administration asking for disability benefits. In each instance his application was denied. We must decide whether the District Court correctly dismissed appellant's action seeking review of the denial of his sixth application. We affirm.

For purposes of this appeal, only two of appellant's six applications require discussion. On October 9, 1963, Green filed his third application for disability benefits; it was denied initially and on reconsideration. A hearing was requested and held, and on August 23, 1965, the hearing examiner denied the application on the grounds that appellant was not under any disability as of June 30, 1963, the last day on which he met the special earnings requirements for disability purposes. The Appeals Council denied relief and so notified Green, as well as informing him of his right to seek judicial review of the denial. Despite this notice, Green took no action within the sixty days allowed for filing in District Court, and the hearing examiner's decision thereby became final. 20 C.F.R. § 404.951.

On July 8, 1968, appellant filed his sixth application for benefits. Like the others, it was denied initially and on reconsideration. Green then sought a hearing on the application, but this request was dismissed on the grounds that the decision of August 23, 1965, was final and should not be reopened. The Appeals Council denied review. Appellant then brought this action in the court below seeking review of the Secretary's disposition of his application.

■ 20 C.F.R. § 404.937, enacted pursuant to Social Security Act § 205(a), 42 U.S.C. § 405(a) provides:

The hearing examiner may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances:

(a) Res judicata. Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final. either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision . . . . .

Appellant does not attempt to avoid the effect of this regulation by claiming that his sixth application involved facts different from those involved in the decision of August 23, 1965.[1] He urges instead that his failure to seek review of the 1965 decision should be excused, for res judicata purposes, by his limited intellectual faculties and by his lack of counsel during and after the hearing on his third application.

■ Although mental illness may in some circumstances destroy the res judicata effect of a prior administrative determination, see Leviner v. Richardson, 443 F.2d 1338, 1343 (4th Cir. 1971), appellant alleges no disability that approaches the level of mental illness. Likewise, he has pointed out no material harm or prejudice arising from his lack of counsel at the earlier hearing.[2] Several courts have noted the particular importance of the res judicata principle to the fair and efficient handling of claims under the Social Security Act. Stuckey v. Weinberger, 488 F.2d 904 (9th Cir. 1973); Easley v. Finch, supra. Congress' concern for the finality of the

agency's decisions is evident from the Act itself. See 42 U.S.C. § 405(g), (h). Thus, the District Court's refusal to consider the merits of appellant's application must be affirmed.

■ As appellant notes, however, the strict requirements of res judicata have been modified in this administrative context by regulations that under some circumstances allow prior determinations to be reopened. 20 C.F.R. §§ 404.956–404.958. Accordingly, appellant asks us to consider his application as a request to reopen the hearing examiner's decision on his October 1963 application and to reverse the District Court's refusal to review the examiner's denial of that request. The record affirmatively shows, however, that appellant's petition for reopening was not timely filed under 20 C.F.R. § 404.957(b).[3] Cf. Craig v. Finch, 416 F.2d 721 (5th Cir. 1969). Nevertheless, citing Torres v. Sec'y of Health, Educ. & Welfare, 475 F.2d 466 (1st Cir. 1973), appellant argues that the running of the four year limitation in § 404.957(b) should be tolled because his limited mental abilities prevented

---

1. That is, appellant does not argue that he suffered under some disability whose existence was not litigated and decided in the 1963–65 proceedings. He bases his request for relief in part on alleged new evidence concerning the claimed disabilities that were the subject of the 1965 decision. Although going primarily to his claim of "good cause" for reopening the earlier decision, appellant's new evidence argument obviously is also relevant to whether the decision should be given res judicata effect. Since the hearing examiner expressly found that the new evidence was merely cumulative of the evidence considered in the 1965 decision, however, it does not prevent the application of res judicata to his sixth request for benefits.

2. The courts appear unanimous in holding that lack of counsel at the earlier hearing does not affect the validity of the resulting decision unless the claimant shows "clear prejudice or unfairness." See, e. g., Davis v. Richardson, 460 F.2d 772 (3d Cir. 1972); Easley v. Finch, 431 F.2d 1351 (4th Cir. 1970); cf. Cross v. Finch, 427 F.2d 406 (5th Cir. 1970). Hearings before the agency are not adversary in nature, and the vast majority of claimants are not represented by

counsel. Easley v. Finch, supra. Hence, appellant must meet a considerable burden to show prejudice or unfairness. Having shown no specific harm arising from his lack of counsel at the earlier hearing, as distinguished from general allegations of unfairness, appellant has failed to meet that burden.

3. 20 C.F.R. § 404.957 provides in relevant part:

An initial or reconsidered determination of the Administration or a decision of a hearing examiner or of the Appeals Council which is otherwise final under § 404.908, § 404.916, § 404.940, or § 404.951 may be reopened:

 *  *  *  *  *

(b) . . . within 4 years after the date of the notice of the initial determination (see § 404.907) to the party to such determination, upon a finding of good cause for reopening such determination or decision . . .

Notice of the initial determination of appellant's October 1963 claim was sent to appellant on January 22, 1964. He did not file his sixth application until July 8, 1968.

him from understanding the necessity of seeking reopening within the four year period. Here appellant alleges nothing like the major mental disability at issue in *Torres,* so we reject this contention while expressing no opinion on the holding in that case. We likewise find no basis for appellant's assertion that the four year limitation in § 404.957(b) is "arbitrary." The regulation represents a permissible resolution of the conflict between the need to give some finality to prior factual determinations and the desire to accord claimants all procedural rights consistent with reasonably efficient agency operation. *Accord,* Stuckey v. Weinberger, *supra.* Appellant thus offers no reason why we should find the limitations in § 404.957(b) inapplicable to him.

■ Appellant also claims that he is entitled to reopening of the 1965 decision under 20 C.F.R. § 404.957(c)(8), which allows reopening at any time "but only for the purpose of correcting clerical error or error on the face of the evidence on which such determination or decision was based." *See* Craig v. Finch, *supra.* Appellant's claim of new and material evidence patently is not the type of "error" with which this section was designed to deal. *See* Grose v. Cohen, 406 F.2d 823 (4th Cir. 1969) (arithmetical miscalculation in a prior decision is error on the face of the evidence). Accordingly, the District Court correctly refused to review the agency's decision not to reopen the 1965 determination.

In light of the disposition we make of appellant's contentions, we need not reach the question whether the District court lacked jurisdiction to review the agency's decision not to reopen the 1965 decision. *Compare* Wallace v. Weinberger, 488 F.2d 606 (9th Cir. 1973), cert. denied, 417 U.S. 913, 94 S.Ct. 2612, 41 L.Ed.2d 217 (1974), and Stuckey v. Weinberger, *supra, with* Maddox v. Richardson, 464 F.2d 617 (6th Cir. 1972); Davis v. Richardson, 460 F.2d 772 (3d Cir. 1972); Cappadora v. Celebrezze, 356 F.2d 1 (2d Cir. 1966).

Judgment affirmed.