No. 73–1562. JONES *v.* UNITED STATES ET AL. C. A. 9th Cir. Certiorari denied.

MR. JUSTICE DOUGLAS, dissenting.

Petitioner, a lieutenant in the Air Force, was convicted by court-martial under Arts. 92 (failure to obey order or regulation), 10 U. S. C. § 892, and 134 (general article), 10 U. S. C. § 934, of the Uniform Code of Military Justice.

---

His offense was "failure to do monitor duty." Petitioner's punishment was a fine of $1,500, to be paid in six monthly installments to be deducted from his paycheck.[1] After exhausting his appeals, petitioner sought a writ of habeas corpus from the District Court, 28 U. S. C. § 2241, on the ground that Art. 92 is unconstitutionally vague. The writ was denied below on the sole ground that petitioner was not in "custody" as required by § 2241.

In my view, the District Court should have treated petitioner's complaint as either one seeking a declaration that his punishment was not lawfully imposed, 28 U. S. C. § 2201, or one to compel expunction of his conviction, 28 U. S. C. § 1361, and reached the merits. Several Courts of Appeals have entertained actions to remove penalties imposed by military tribunals where the aggrieved plaintiffs were not confined, but presented constitutional challenges to the imposition of punishment. See *Kauffman* v. *Secretary of the Air Force,* 135 U. S. App. D. C. 1, 415 F. 2d 991 (1969) (suit protesting discharge and forfeiture of all pay and allowances); *Ashe* v. *McNamara,* 355 F. 2d 277 (CA1 1965) (suit to compel correction of dishonorable discharge); *Smith* v. *McNamara,* 395 F. 2d 896 (CA10 1968) (dishonorable discharge); *Mindes* v. *Seaman,* 453 F. 2d 197 (CA5 1971) (protesting involuntary transfer to reserve status). See also *Ragoni* v. *United States,* 424 F. 2d 261 (CA3 1970) (bad-conduct discharge).[2]

---

[1] The fine had not been fully paid when he filed the application for habeas corpus.

[2] In addition, the Court of Claims has reviewed alleged constitutional defects in a court-martial conviction in adjudicating claims for backpay, 28 U. S. C. § 1346; *Augenblick* v. *United States,* 180 Ct. Cl. 131, 377 F. 2d 586 (1967), rev'd on other grounds, 393 U. S. 348 (1969). In the two Courts of Appeals decisions to reject nonhabeas review, it did not appear that the complainant was under a continuing disability as a result of disciplinary action. In *Davies* v. *Clifford,*

Petitioner's lawsuit represents an effort to have his constitutional challenges to his conviction considered by an Art. III court. A determination of these claims by a federal court is an indispensable safeguard of the constitutional rights of an accused subject to military process. While the military tribunals have responded to some constitutional claims of criminal defendants—self-incrimination for example[3]—they have been less sensitive to others. We noted in *O'Callahan* v. *Parker,* 395 U. S. 258, 265–266 (1969), that the military justice system has been ill-equipped to deal with claims of overbreadth and vagueness. The Uniform Code of Military Justice itself is fraught with opportunity for conflict between military authority and individual liberties. Articles 88 (contempt toward officials), 10 U. S. C. § 888, 133 (conduct unbecoming an officer and a gentleman), 10 U. S. C. § 933, and 134 (general article), 10 U. S. C. § 934, permit military authority to overbear protected individual expression. When this occurs, it is not surprising that military tribunals, reared in a setting where obedience and conformity are the watchwords, should tend to come down on the side of authority.

Servicemen may challenge their confinement by habeas corpus to insure that constitutional objections to their

---

393 F. 2d 496 (CA1 1968), the court dismissed a suit to set aside a military conviction, but the dishonorable discharge it had produced had already been changed to an honorable one, and the plaintiff alleged no continuing penalty. In *United States* v. *Carney,* 406 F. 2d 1328 (CA2 1969), the court dismissed a similar suit without mentioning the penalty.

[3] A privilege against self-incrimination is codified in Art. 31 of the Uniform Code of Military Justice, 10 U. S. C. § 831. By interpretation it has been expanded to include the requirements of *Miranda* v. *Arizona,* 384 U. S. 436 (1966), by the Court of Military Appeals. See *United States* v. *Tempia,* 16 U. S. C. M. A. 629, 37 C. M. R. 249 (1967).

convictions received "fair consideration" before the military tribunals. *Burns* v. *Wilson*, 346 U. S. 137, 144 (1953). To withhold the same opportunity from servicemen subjected to nonconfinement penalties raises a substantial federal question of a denial of equal protection. The absence of confinement does not render the punishment trivial. Penalties not involving imprisonment—discharges, forfeitures, demotions—are frequently employed by military authorities, often with devastating effect upon the life and livelihood of the affected serviceman. Judge Edgerton, writing for the Court of Appeals in *Kauffman* v. *Secretary of the Air Force, supra,* stated the need for an alternative mechanism of review:

> "To hold that collateral review is contingent on confinement in every case would arbitrarily condition the serviceman's access to civilian review of constitutional errors upon a factor unrelated to the gravity of the offense, the punishment, and the violations of the serviceman's rights." 135 U. S. App. D. C., at 6, 415 F. 2d, at 996.

Moreover, refusal to entertain petitioner's lawsuit gives rise to the substantial constitutional question posed by denial of access to the federal courts. Whether the Constitution permits Congress to forbid an Art. III court to review constitutional challenge to administrative penalties is a question the Court has not addressed explicitly. Instead the Court has construed statutory review provisions to permit a limited scrutiny to assure fair proceedings, *Estep* v. *United States,* 327 U. S. 114 (1946); *Kessler* v. *Strecker,* 307 U. S. 22 (1939), and, on occasion, *de novo* determination of facts bearing upon constitutional claims, see *Ng Fung Ho* v. *White,* 259 U. S. 276 (1922); *St. Joseph Stock Yards Co.* v. *United States,* 298 U. S. 38 (1936); *Crowell* v. *Benson,* 285 U. S. 22 (1932).

See also 4 K. Davis, Administrative Law Treatise § 28.18 (1958). To hold that petitioner here is not entitled to a judicial determination of the constitutional objection is to impute to Congress a deliberate exclusion of review for a class of convictions, a course fraught with constitutional dangers which Congress has heretofore eschewed.

I would grant certiorari.