No. 73–7019. BAILEY *v.* WEINBERGER, SECRETARY OF HEALTH, EDUCATION, AND WELFARE. C. A. 9th Cir. Certiorari denied.

MR. JUSTICE WHITE, joined by MR. JUSTICE DOUGLAS and MR. JUSTICE STEWART, dissenting.

The Court of Appeals for the Ninth Circuit, adhering to its previous decisions in *Stuckey* v. *Weinberger*, 488 F. 2d 904 (1973) (en banc), and *Wallace* v. *Weinberger*, 488 F. 2d 606 (1973) (en banc), cert. denied, 417 U. S. 913 (1974), held in this case that the decision of the Secretary of HEW on a request to reopen a previous denial on the merits of a claim for benefits is so far committed to agency discretion by the provisions of § 205 (h) of the Social Security Act, 49 Stat. 624, as amended, 53 Stat. 1371, 60 Stat. 1095, 67 Stat. 632, 42 U. S. C. § 405 (h), that review of that decision is not available pursuant to the Administrative Procedure Act. See 5 U. S. C. § 701 (a)(2). This holding is squarely in conflict with the holdings of three other Circuits in *Cappadora* v. *Celebrezze*, 356 F. 2d 1 (CA2 1966); *Davis* v. *Richardson*, 460 F. 2d 772 (CA3 1972); and *Maddox* v. *Richardson*, 464 F. 2d 617 (CA6 1972). It is a prime function of this Court's certiorari jurisdiction to resolve precisely the kind of conflict here presented. This Court's Rule 19 (1)(b). Perhaps the state of our docket will not permit us to resolve all disagreements between courts of appeals, or between federal and state courts, and perhaps we must tolerate the

954

fact that in some instances enforcement of federal law in one area of the country differs from its enforcement in another. These situations, it is hoped, will be few and far between. I would grant certiorari in this case.

MR. JUSTICE DOUGLAS, dissenting.

While I have joined MR. JUSTICE WHITE's dissent, I should add that the number of cases we take to review on the merits is well below the tolerable limit and that this case presents one of the most pressing problems on the modern scene. For the extent to which the ever-growing federal bureaucracy uses "discretion" to mask irresponsible action that evades review seems to me to be eroding basic rights of the citizen.