Herminio Perez ADAMES, Plaintiff,
Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of
Health, Education and Welfare,
Defendant, Appellee.

No. 76–1110.

United States Court of Appeals,
First Circuit.

Argued Feb. 14, 1977.

Decided March 31, 1977.

Juan F. Doval, Hato Rey, P. R., for plaintiff, appellant.

Jose A. Anglada, Asst. U. S. Atty., San Juan, P. R., with whom Julio Morales Sanchez, U. S. Atty., San Juan, P. R., was on brief, for appellee.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, and VAN OOSTERHOUT, Senior Circuit Judge.*

COFFIN, Chief Judge.

The issue here is whether appellant has twenty quarters of coverage during the forty calendar quarters immediately preceding his disability. Appellant, since 1961, has filed three applications, and has had four hearings at the administrative level, review by the Appeals Council, and review by the district court. The instant proceeding followed a 1968 decision by an Administrative Law Judge, affirmed by the Appeals Council, rejecting as insufficient certain evidence that appellant, during 1961 and 1962, was an employee of one Perez Cardona. The present proceeding commenced in 1971, and, after a fire destroyed certain records, hearings were held in 1974. The focus of these hearings was evidence that, during 1961, appellant worked for a hitherto unmentioned employer.

The briefs, and indeed the district court's opinion, have proceeded on the assumption that what is at issue is the sufficiency or insufficiency of the evidence introduced by appellant to overcome the determination of the Administrative Law Judge. But it seems clear to us that the judge made no factual findings. He ruled that under 20 C.F.R. § 404.957(c)(7) a decision that a claimant lacked the necessary quarters of coverage could be reopened only under certain limited circumstances not present here.[1] The case cited by the judge,

* Of the Eighth Circuit, sitting by designation.
1. 42 U.S.C. § 405(c)(5)(C) [to correct errors apparent on the face of the records];

§ 405(c)(5)(D) [to transfer items to or from records of the Railroad Retirement Board]; or

*Pleasant v. Richardson,* 450 F.2d 749 (5th Cir. 1971), *cert. denied,* 405 U.S. 1072, 92 S.Ct. 1524, 31 L.Ed.2d 805 (1972), even barred a reopening to correct the concededly erroneous omission, some years earlier, of a critical quarter of coverage. In any event, the decision not to reopen a claim is not subject to judicial review in the absence of a constitutional claim. *Califano v. Sanders,* —— U.S. ——, ——, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). To the extent that the decision is reviewable as a denial of a new claim, we think the result justified by administrative res judicata. *Ruiz-Olan v. Secretary, Dep't of Health, Education and Welfare,* 511 F.2d 1056 (1st Cir. 1975).

*Affirmed.*

§ 405(c)(5)(G) ["to correct errors made in the allocation, to individuals or periods, of wages . . . . entered in the records of the Secretary"].