Ruth KENT, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant–Appellee.

Ruth Kent, Plaintiff–Appellant,

v.

Commissioner of the Social Security Administration, Defendant–Appellee.

No. 03–56796, 03–56799.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2005.*

Decided Oct. 3, 2005.

Martin Taller, Esq., Law Offices of Martin Taller, Anaheim, CA, for Plaintiff–Appellant.

Etzion Brand, Branch Chief, Office of the General Counsel, Social Security Division, Baltimore, MD, for Defendant–Appellee.

Before: FARRIS, FERNANDEZ, and BYBEE Circuit Judges.

MEMORANDUM **

Ruth Kent appeals the district court's dismissal of her actions designed to obtain review of decisions of the Social Security Administration, which declined to further consider a determination denying her benefits.  We affirm.

The district court determined that it did not have jurisdiction to issue relief in either of the actions because it could not, in general, review decisions denying hear-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ings[1] and no exceptions applied. We agree.

(1) In general, the courts have no jurisdiction to review denials of reopening decisions. *See* 42 U.S.C. § 405(g); *Califano v. Sanders,* 430 U.S. 99, 107–09, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977); *Subia v. Comm'r of Soc. Sec.,* 264 F.3d 899, 902 (9th Cir.2001). In No. 03–56796, Kent seeks review of the failure to grant a hearing to reopen the first (April 14, 1998) application's denial based upon the second (July 28, 2000) application and other requests. She asserts that she has spelled out a colorable claim that the failure denied her due process. We disagree. The mere allegation of a due process claim does not assure that the claim is colorable, as it must be. *See Hoye v. Sullivan,* 985 F.2d 990, 992 (9th Cir.1992) (per curiam). Of course, in reaching a determination that it is not colorable we must undertake some review of the merits. *See Boettcher v. Sec'y of Health & Human Servs.,* 759 F.2d 719, 722 (9th Cir.1985). We have and conclude that the claim was not a colorable constitutional claim.[2] But even if it were, it is perfectly clear that the multiple reviews of all of her evidence by SSA before her attempts to reopen were ultimately rejected accorded her all of the process that was due. *See Mathews v. Eldridge,* 424 U.S. 319, 341, 96 S.Ct. 893, 906, 47 L.Ed.2d 18 (1976).[3]

(2) In No. 03–56799, Kent asserts that there is jurisdiction to issue a mandamus directing SSA to hold a hearing on her late request for an ALJ hearing (filed on 12/5/02). There is not because SSA had no clear, nondiscretionary duty to grant her a hearing. *See Lowry v. Barnhart,* 329 F.3d 1019, 1021–23 (9th Cir.2003); *Kildare v. Saenz,* 325 F.3d 1078, 1084 (9th Cir.2003); *Briggs v. Sullivan,* 886 F.2d 1132, 1142 (9th Cir.1989). She cites a ruling[4] and a provision in the Program Operations Manual System,[5] but each of them is merely for the purpose of guidance, and neither *requires* a hearing in any event. *See Lowry,* 329 F.3d at 1023.[6]

AFFIRMED.

---

**1.** All of the decisions arose out of Kent's desire to obtain further consideration of her first (April 14, 1998) application for benefits, which was denied and which became final when she did not seek review by an Administrative Law Judge in a timely manner. Among other things, there was a second application for benefits (July 28, 2000), but because that related to the same period as the first one, it, too, amounted to a motion to reopen the first one and was properly so treated by SSA. *See Wallace v. Weinberger,* 488 F.2d 606, 607 (9th Cir.1973) (en banc) (per curiam); *Brockman v. Finch,* 418 F.2d 116, 117–18 (9th Cir.1969).

**2.** Kent did not assert that some lack of mental ability to follow instructions caused her failure to request review in a timely fashion. *Cf. Udd v. Massanari,* 245 F.3d 1096, 1098–99, 1100 (9th Cir.2001).

**3.** Incidentally, Kent also makes a problematic assertion that she was harmed because SSA mixed up exhibits at one point. That is a dubious proposition, and is, in any event, waived because it was not raised in the district court, and we decline to consider it on appeal. *See Taniguchi v. Schultz,* 303 F.3d 950, 959 (9th Cir.2002); *Crawford v. Lungren,* 96 F.3d at 380, 389 n. 6 (9th Cir.1996).

**4.** *See* Social Security Ruling 91–5p. Kent also alludes specifically to one of the regulations discussed in the ruling—20 C.F.R. § 404.957. However, it does not require a hearing either.

**5.** POMS DI 12010.035 (May, 2003).

**6.** She now alludes to a due process right as a basis for mandamus. She did not raise that issue in the district court; it is waived. *See Crawford,* 96 F.3d at 389 n. 6; *see also Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999).