Leila J. GOODMAN, Plaintiff-Appellant,

v.

Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 71–2012

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 13, 1971.

Rehearing Denied Oct. 14, 1971.

Philip J. Rogers, John A. Lloyd, Jr., Masterson, Lloyd, Sundberg & Rogers, St. Petersburg, Fla., for plaintiff-appellant.

John L. Briggs, U. S. Atty., Oscar Blasingame, Asst. U. S. Atty., Tampa, Fla., for defendant-appellee.

* ▮ Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

**James Edwin ROSE, Petitioner-Appellant,**

**v.**

PER CURIAM:

This is an appeal from an order of the District Court which affirmed a final decision of the Secretary of Health, Education and Welfare, denying appellant's application for disability benefits under 42 U.S.C. §§ 416(i), 423(d), as amended. We affirm.

Appellant contends that there was insufficient evidence to support the Secretary's denial of benefits and that she was not accorded a fair hearing at the administrative level because she was not represented by counsel.

■■ The hearing examiner concluded that appellant was not disabled prior or at the time that she last met the insured status requirement under the Act. The evidence is substantial to warrant that conclusion and the District Court so found. The function of the reviewing court is limited. It is not to reweigh the evidence or substitute its judgment for that of the Secretary. Its role is to determine if the record contains substantial evidence to support the Secretary's decision. Richardson v. Richardson, 5 Cir., 1970, 437 F.2d 109; Cooper v. Finch, 5 Cir., 1970, 433 F.2d 315; Brown v. Finch, 5 Cir., 1970, 429 F.2d 80; Rome v. Finch, 5 Cir., 1969, 409 F. 2d 1329.

■ There is no merit to appellant's contention that she was not given a fair hearing because of lack of counsel. The record shows, and the District Court found, that the applicant was fully informed of her right to obtain counsel. She decided, however, to forego this right and so indicated at the hearing. Moreover, the record shows that claimant was given a full and fair hearing and that she suffered no prejudice by the absence of counsel. See Cross v. Finch, 5 Cir., 1970, 427 F.2d 406, 409.

Affirmed.