Weslie W. HERRIDGE, Plaintiff-
Appellant,

v.

Elliot L. RICHARDSON, Secretary of
Health, Education and Welfare,
Defendant-Appellee.

No. 71-3236
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 27, 1972.

Ike F. Hawkins, Jr., Shreveport, La.,
for plaintiff-appellant.

Donald E. Walter, U. S. Atty., Shreveport, La., John N. Mitchell, Atty. Gen.,
U. S., Dept. of Justice, Administrative
Div., Washington, D. C., Leven H. Harris, Asst. U. S. Atty., Shreveport, La.,
for defendant-appellee.

Before GEWIN, AINSWORTH and
SIMPSON, Circuit Judges.

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th
Cir. 1970, 431 F.2d 409, Part I.

PER CURIAM:

Weslie W. Herridge commenced this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (1964), to obtain judicial review of the determination by the Secretary of Health, Education and Welfare that he was not entitled under the Act to either a period of disability or disability insurance benefits. See 42 U.S.C. §§ 416(i), 423. The district court granted summary judgment in favor of the Secretary and Herridge appeals. We affirm.

 The disability claimant seeking to overcome an adverse determination by the Secretary on the merits of his claim faces a difficult task in the federal courts. In cases such as this, the function of the trial and appellate courts "is not to re-weigh the evidence but to determine whether there is substantial evidence to support the Secretary's decision." Brown v. Finch, 429 F.2d 80, 82 (5th Cir. 1970). The Secretary is not required to show that some job exists for which a disability claimant would be hired. The burden is on the claimant to prove his disability. If there is substantial evidence that jobs exist in the economy that the claimant could perform the Secretary's denial of benefits must be affirmed. Jackson v. Richardson, 449 F.2d 1326, 1330 (5th Cir. 1971).

 At the hearing Herridge was not represented by counsel although the Hearing Examiner fully advised him of his rights in this regard prior to the hearing. Herridge testified in his own behalf and informed the Hearing Examiner that he had requested his former job supervisor to come to the hearing to testify. However the supervisor did not appear at the hearing. The only other witness at the hearing was Dr. William Giddens who testified as a medical witness on the basis of the medical exhibits in the case. A vocational expert was also summoned to the hearing, but after the medical testimony the Hearing Examiner deemed the vocational testimony unnecessary.

The evidence indicated that Herridge was 48 years old, has never had any formal schooling and is unable to read or write. He served in the Air Force, working principally as a truck driver. His work history consists primarily of driving trucks and he has most recently been employed driving a trash truck for the City of Shreveport. In March 1969 Herridge underwent a lobectomy for cancer of the lung. Approximately one-half of his right lung was removed. Herridge claims that he has been unable to engage in substantial gainful activity since January 1969 because of the pain and shortness of breath caused by the removal of part of his lung and because of a ruptured disc.

The Hearing Examiner's decision, adopted by the Secretary, found that although Herridge suffers discomfort while driving the City trash truck, the discomfort is typical of patients who have undergone this kind of surgery and is reasonably tolerable by claimant and does not prevent his working at his previous work for the City of Shreveport. Because the claimant is able to do his previous work the Hearing Examiner found that no vocational evidence pertaining to the existence or non-existence of other jobs was necessary.

There is clearly substantial evidence to support the Secretary's determination. Records from the Veterans Administration Hospital as well as the reports of Drs. McCook and Cousson show that Herridge's surgery was successful, with no evidence of recurrence, and that the pulmonary dysfunction, reflecting the loss of the lung capacity was minimal. Dr. Giddens thought the pulmonary dysfunction was probably mild to moderate instead of minimal, but after careful inquiry into the exact nature of Herridge's truck driving job with the

City, he expressed the opinion that Herridge could perform that job. There was no evidence other than Herridge's own testimony that he was disabled. When Herridge's former supervisor failed to appear at the hearing the Hearing Examiner asked what would have been the supervisor's testimony. Herridge confirmed the Hearing Examiner's suggestion that the supervisor would have testified that Herridge was not capable of driving a truck and that there was nothing else for him to do at the City.

On this appeal Herridge complains that because he was not represented by counsel at the hearing he was unaware of his right to subpoena witnesses and was further unaware of the necessity of doing so. He contends the Hearing Examiner should have contacted the supervisor who failed to appear and taken his testimony. Finally Herridge contends that the Hearing Examiner erred in failing to call the vocational expert because without his testimony there is no showing that Herridge is capable of performing any other type of gainful employment.

We find no merit in any of these contentions. The record clearly reflects that Herridge was fully informed of his right to counsel and indicated that he did desire to proceed without counsel. The transcript shows that he was given a full and fair hearing and suffered no prejudice from the lack of counsel. See Goodman v. Richardson, 448 F.2d 388 (5th Cir. 1971); Cross v. Finch, 427 F. 2d 406 (5th Cir. 1970). In view of the substantial medical testimony and evidence indicating that Herridge was capable of performing his former job as a truck driver the Hearing Examiner correctly concluded that the vocational expert's testimony was not necessary to decide Herridge's disability claim.

The judgment is affirmed.