Gordon K. SHUTT, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCATION, AND WELFARE, Defendant.

No. EC 72-2-S.

United States District Court,
N. D. Mississippi, E. D.

Aug. 8, 1972.

Gordon K. Shutt, pro se.

H. M. Ray, U. S. Atty., Falton O. Mason, Jr., Asst. U. S. Atty., Oxford, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The plaintiff, Gordon K. Shutt (claimant), has filed a *pro se* "Declaration" (complaint) in this action, by which he contests the validity of the decision of the Secretary of Health, Education, and Welfare (Secretary), which denies his claim for Social Security Benefits arising under Title II of the Social Security Act, as amended.[1]

The record of proceedings before the Social Security Administration relating to claimant's application to establish periods of disability and for disability insurance benefits under the Act filed with the court by the Secretary, reflects that the hearing examiner, by a decision entered July 28, 1971, determined that claimant's entitlement to a period of disability and disability insurance benefits in connection with his application filed on November 15, 1966, ended effective with the close of June 1969; that claimant received benefit overpayments after the end of the period of entitlement in the amount of $2,427.60; and, that the recovery of the overpayments should not be waived. The hearing examiner concluded, also, that based on all evidence of record in connection with the application filed on May 21, 1970, claimant was not entitled to a period of disability or to disability insurance benefits under Sections 216(i) and 223, respectively, of the Social Security Act, as amended.[2]

The hearing examiner's decision was upheld by the Appeals Council and in due course became the final decision of the Secretary. Claimant was duly notified of the Secretary's decision by letter from the Appeals Council. The letter notified claimant of his right to commence a civil action in this court to re-

---

1. 42 U.S.C.A. §§ 401 et seq.

2. Id. Sections 416(i) and 423.

view the decision pursuant to the provisions of Section 205(g) of the Act.[3]

Within the time permitted by law claimant filed his *pro se* complaint, designated by him as a "Declaration", making the Secretary the party defendant thereto. The Secretary has responded to the complaint by an appropriate answer and by filing with the court a transcript of the record made before the Administration as required by Section 205(g) of the Act.

The claimant seeks a court review of the decision and also the right to have evidence in support of his claim heard by the court. The claimant seeks relief in the nature of an order directing payment of disability benefits, and cancelling the Secretary's claim for refund of alleged overpayments in the sum aforesaid.

The claimant sets forth in the complaint a prayer "[t]hat the court will hear [his] case and let [him] and [his] witnesses present [his] case unto the court". The claimant has filed a "Motion for a Hearing and Summary Judgment". In this motion claimant states that at the hearing he plans to introduce as evidence a portion of his social security record which is not now before the court to prove that he notified the Administration before the discontinuance of disability benefits being paid on account of the injury suffered by him on September 9, 1966 of his "attempts and failures in trying to work all along". The record does not reflect that the Administration received notice of any kind from claimant of earnings during the pertinent period. The first information of the earnings came to the attention of the Administration when the earnings were credited to claimant's account. Through this manner the Administration determined that claimant returned to work in July 1968. The evidence proffered by claimant is material only as to the issue relating to the Administration's request for refund of overpayments. Such evidence is not material on the issue concerning the periods of disability and disability insurance benefits.

█ It is well recognized that the court cannot conduct an evidentiary hearing on the review of the decision of the Secretary. The court is confined to a review of the record and cannot try the case *de novo* or receive additional evidence. The sole function of the court is to determine on the basis of the entire record whether the Secretary's decision is supported by substantial evidence. Alsobrooks v. Gardner, 357 F.2d 110, 111(5th Cir. 1966); Goodman v. Richardson, 448 F.2d 388, 389 (5th Cir. 1971).

The court does have the power, however, by virtue of Section 405(g) of the Act,[4] "[to] order additional evidence to be taken before the Secretary" and may remand the case to the Secretary for that purpose.

On the basis of the entire record, the court does not believe that a remand is the proper course to pursue. If claimant did in fact inform the Administration of his efforts to work before disability payments were discontinued, such fact falls far short of giving notice to the Administration in the manner and form as required by regulations, of the amount of wages earned by claimant during the pertinent periods.

█ The court, therefore, holds that the Secretary's decision that claimant received benefit overpayments in the amount of $2,427.60, and that the recovery of the overpayment should not be waived, is the correct decision in the case.

It is clear from the record that the fact that claimant may have orally informed agents or employees of the Administration of his efforts to work would not require a different decision by the Secretary.

3. *Id.* Section 405(g).

4. *Id.* Section 405(g).

■■ The record reflects that claimant was awarded a period of disability and disability benefits within the meaning of the Social Security Act beginning September 9, 1966. The disability resulted from a neck injury suffered by claimant while in the employment of Air Capital at Tupelo, Miss. Claimant was engaged as a "punch press operator", and was injured when approximately 500 pounds of steel fell upon him. The hearing examiner determined from the record, including a personal appearance before him by claimant at which time claimant gave sworn testimony regarding the claim, that claimant's impairments responded to therapy and improved sufficiently to permit resumption by claimant of substantial gainful activity in April 1969. The hearing examiner concluded that claimant's "disability" which began September 9, 1966, ceased in April 1969; and that claimant's entitlement to a period of disability and disability insurance benefits ended with the close of June 1969 (second month following month disability ceased). The decision of the hearing examiner on this issue became the decision of the Secretary when it was affirmed by the Appeals Council and cannot be disturbed by this court if the decision is supported by substantial evidence. Goodman v. Richardson, *supra*; Alsobrooks v. Gardner, *supra*. The court, after a careful review of the evidence upon which the hearing examiner acted, finds that the record contains substantial evidence which sustains this decision. The disability claimant, such as the claimant in the action sub judice, faces a difficult task in seeking to overcome an adverse determination by the Secretary. Herridge v. Richardson, 464 F.2d 198 (5th Cir. opinion dated July 27, 1972).

■ The claimant filed on May 21, 1970 an application for a new period of disability and disability insurance benefits commencing on January 7, 1970. Claimant contends that he injured his head and back while picking up a roll of carpet at his home when he dropped the carpet, raised his head and hit it on a truck. The hearing examiner determined that claimant's alleged injury caused no significant aggravation of his prior impairments to his post-surgical back and alleged nervous trouble and that claimant was not entitled to a period of disability and disability insurance benefits commencing on January 7, 1970. A careful study of the record convinces the court that the record contains substantial evidence to sustain this decision.

## SUMMARY

The judicial review of the Secretary's decision in the action sub judice is authorized by Section 205(g) of the Social Security Act, as amended.[5] The claimant is authorized by Section 205(g) to bring a civil action for review in the district court of the United States for the judicial district in which plaintiff (claimant) resides or has his principal place of business, etc. The said section provides that as a part of his answer, the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decisions complained of are based, and that the court shall have power to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Secretary, with or without remanding the cause for a rehearing".

In the case sub judice the claimant filed a motion for a summary judgment, which the court finds after a review of the entire record is not well taken and must be overruled.

■ The Secretary has not filed a motion for summary judgment, or any other pleading, except the answer. The Secretary prays in his answer for judgment affirming the decision of which

5. Id. Section 405(g).

complaint is made. Since Section 205(g) provides for a review of the Secretary's decision, the court does not feel that a motion by the Secretary to dismiss or for summary judgment is essential to bring the action before the court for final disposition.

In the interest of judicial economy, the court will enter an order overruling claimant's motion and affirming the decision of the Secretary.