Carolina **WARE**, Plaintiff-Appellant,

v.

Richard S. **SCHWEIKER**, Secretary of Health and Human Services, Defendant-Appellee.

No. 80–2273
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

July 24, 1981.

Rehearing Denied Sept. 18, 1981.

Locke, Purnell, Boren, Laney & Neely, Harriet E. Miers, Dallas, Tex., for plaintiff-appellant.

Martha Joe Stroud, Asst. U.S. Atty., John M. Stokes, Regional Atty., Mary K. Biester, Asst. Regional Atty., Dallas, Tex., for defendant-appellee.

Before GEE, RUBIN and RANDALL, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Now ably represented by volunteer private counsel, obtained through a community legal aid service, an applicant for Social Security Disability Benefits and for Social Security Supplemental Income seeks reversal of the Secretary's decision, made after a hearing at which she was not represented, denying her those benefits. In the alternative, she requests a remand to the administrative law judge (ALJ) for further proceedings. Like many who appeal negative Social Security decisions, Mrs. Ware is now undeniably ill and may indeed be unable to work, but, fettered by the bonds that the Act places on judicial review, we conclude that the district court properly denied her relief and we affirm the judgment.

Mrs. Caroline Ware contends that she became unable to work on January 3, 1975, at the age of 32. She has a ninth grade education and has worked principally as a nurse's aide. She last met the insured status requirement on March 31, 1977. Six of her children live with her and are dependent on her. She is indigent and obtained counsel through Dallas Legal Services referral program.

Mrs. Ware made her application without counsel's help. After the claim was denied, she requested a hearing. The ALJ compiled her medical records. At the hearing, held on August 4, 1978, she was informed of her right to counsel. She said that she would proceed without a lawyer. At the outset of the trial testimony, the ALJ, after being informed that Mrs. Ware had undergone major surgery several days before,[1] asked her if she would like to postpone the hearing. She replied that she was worried about her bills, and that she did not want to delay matters.

Mrs. Ware testified that she suffered constant pain and was taking codeine. Although she testified that her doctor had told her not to drive, no medical testimony was offered at the hearing.[2] The hearing lasted 14 minutes.

The ALJ denied her all benefits. His findings do not refer to her subjective complaints of pain but recite that, taken as a whole, "the medical evidence does not indicate that the claimant has impairment or a combination of impairments of such a degree of severity as to preclude her from her usual work activity."

1. Mrs. Ware had undergone an hysterectomy on July 26, and was still convalescing at the time of the hearing.

2. In a request for reconsideration filed with the Social Security Administration, Mrs. Ware stated that her personal physician, Dr. Chambers, had told her not to work. However, no proffer by affidavit or deposition has been made concerning his possible testimony.

The administrative process is often, and frequently properly, criticized because it moves too slowly. Now that Mrs. Ware has counsel, the objection is made that "at certain junctures" the system moved too quickly for her, that it was too complex for her to understand, and that she was overwhelmed by its difficulty. Counsel also contends that Mrs. Ware was prejudiced by her earlier lack of counsel.

## II.

▌ The Social Security Act places the burden of establishing disability on the claimant. *Turner v. Califano*, 563 F.2d 669 (5th Cir. 1977); *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir.), *cert. denied*, 414 U.S. 913, 94 S.Ct. 255, 38 L.Ed.2d 155 (1973). She must show that she was disabled on or before the last day of her insured status. *Demandre v. Califano*, 591 F.2d 1088 (5th Cir. 1979). It is the duty of the Secretary to decide whether she has thus proved her right to benefits. When we review his decision, we are limited to determining whether there is substantial evidence in the record considered as a whole to support his finding. 42 U.S.C. § 405(g). We may not reevaluate the evidence or substitute our judgment for his. *Goodman v. Richardson*, 448 F.2d 388 (5th Cir. 1971). We do not, of course, act as automatons. We must scrutinize the record as a whole, *Lewis v. Weinberger*, 515 F.2d 584, 586–87 (5th Cir. 1975), and base our judgment on a fair examination of all that it contains.

There can be no doubt that Mrs. Ware failed to adduce medical evidence of disability. The medical evidence in the record amply supports the ALJ's findings. One year after the date her alleged disability began, Mrs. Ware saw a doctor for injuries sustained in an automobile accident. She gave no history of previous illness or injuries except a tubal ligation and appendectomy performed in November 1974. On January 26, 1976, she was hospitalized, complaining of pain in the neck, back and low back. She was treated with physical therapy but refused further treatment and was dismissed against the doctor's advice. She was again hospitalized in July 1976 and treated for pyelonephritis and bacturemia. At this time she again complained of low back pain. She made satisfactory progress and was discharged on medication.

Over a year later, in September 1977,[3] Mrs. Ware received emergency room treatment for back pain, was given medication and hot compresses, and released. She again sought emergency room treatment for the same complaint and headaches in December 1977.

In January 1978, an internist examined Mrs. Ware for complaints of pain in the lower back and abdomen. After a number of diagnostic tests, he concluded that she could walk, sit, or stand, for eight hours a day; lift up to 25 pounds frequently; was not restricted in the use of her hands or feet; and could frequently bend, stoop, crawl and climb. He found her to be moderately obese with good musculation. An orthopedic surgeon who examined her in April 1978, found it difficult to explain her symptoms as caused by any one problem; his diagnosis was probable mild lumbar strain. Later, in July 1978, a hysterectomy and other operations were performed on Mrs. Ware. There is nothing to indicate that the medical conditions for which this operation was performed existed on March 31, 1977. This evidence, viewed as a whole, constitutes substantial evidence that Mrs. Ware was not disabled.

---

**3.** All events subsequent to March 31, 1977, occurred after Mrs. Ware last met the insured status requirement. 42 U.S.C. §§ 416(i)(3) and 423(c)(1). With exceptions not here relevant, the claimant is insured for disability purposes in any month in which she has at least 20 quarters of coverage during the 40 quarter period ending with the quarter including that month. The claimant must prove that her disability existed prior to the last month in which this test is met, here March 1977. If a claimant becomes disabled after eligibility ends, the claim must be denied. *Demandre v. Califano*, 591 F.2d 1088 (5th Cir.), *cert. denied*, 444 U.S. 952, 100 S.Ct. 428, 62 L.Ed.2d 323 (1979). Mindful of this rule, we examine subsequent events to determine what light they shed on any disability suffered by Mrs. Ware before March 1977.

### III.

We turn then to the argument that the ALJ improperly failed to consider Mrs. Ware's subjective complaints of pain. To be entitled either to Social Security disability insurance benefits, 42 U.S.C. § 423, or supplemental income benefits, 42 U.S.C. § 1382, a claimant must establish that she is disabled. The statutory test for each of these benefits is the same. The Social Security claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d). There are slight differences in the supplemental income benefits text, 42 U.S.C. § 1382c, but those do not, for present purposes, even hint at a different meaning. A "physical or mental impairment" is described as "an impairment which results from anatomical, physiological or psychological abnormalities which are demonstrable by acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3) and § 1382c(a)(3)(C).

The statute requires the Secretary to consider pain and other subjective responses. However difficult it may be to evaluate these responses by physiological and neurological tests, however variable the intensity of individual reaction to the same stimuli, to the person who experiences discomfort, pain, anxiety, depression or other emotional reactions, the distress is real; it can and does affect that person's capacity to work. The statute requires, however, that such subjective symptoms be linked to a "medically determinable impairment." Thus, pain resulting from a "medically determinable impairment," even when its existence is unsupported by objective medical evidence, may of itself be so intense as to cause disability. *Western v. Harris*, 633 F.2d 1204 (5th Cir. 1981); *Gaultney v. Weinberger*, 505 F.2d 943 (5th Cir. 1974). Pain not so severe as of itself to render a person unable to engage in any substantial gainful activity should be considered with other results of a "medically determinable impairment" to determine whether a claimant is disabled.

The ALJ is required to consider these symptoms of the claimant, as well as other objective evidence such as medical opinions and the like. *DePaepe v. Richardson*, 464 F.2d 92 (5th Cir. 1972). The subjective feelings of pain may be introduced either through testimony by the claimant or friends, family, and co-workers. Such testimony cannot merely be disregarded. *Thorne v. Weinberger*, 530 F.2d 580, 583 (4th Cir. 1976); *DePaepe v. Richardson*, 464 F.2d 92 (5th Cir. 1972). *See Epps v. Harris*, 624 F.2d 1267 (5th Cir. 1980); *Laffoon v. Califano*, 558 F.2d 253 (5th Cir. 1977). An ALJ need not, however, believe a claimant's testimony regarding pain or other symptoms. *Fortenberry v. Harris*, 612 F.2d 947 (5th Cir. 1980); *Gaultney v. Weinberger*, 505 F.2d 943, 945 (5th Cir. 1974); *See also Reyes Robles v. Finch*, 409 F.2d 84, 87 (1st Cir. 1969).

Nowhere in his decision does the ALJ mention the principle that subjective complaints of pain can be a disabling condition. Nor does the ALJ mention Mrs. Ware's subjective complaints. He should have done so.

Nevertheless, having read the transcript of her testimony, the medical evidence considered, and the proffer later made by counsel, we believe that a remand for express findings would be a wasteful corrective exercise. At the time of the hearing, Mrs. Ware was suffering from the results of her operation nine days before. Save her own testimony that she had some pain before the operation and that it had worsened, she offered no medical evidence that the pain resulted from a medically determinable impairment that existed on March 31, 1977. Further, no objective medical evidence was presented that indicated Mrs. Ware could not perform the duties of a nurse's aide. On the record as a whole, we are satisfied that no further findings could be made that would alter the ALJ's determination that Mrs. Ware had on March 31, 1977 the "residual capacity to perform her usual work

activities as a nurses aid." (sic) Judicial review is not for the purpose of exacting punctilio but to assure that the Secretary's determination does not trespass the statute.

## IV.

While hearings before the ALJ are not adversary in nature, *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), a lawyer or other counsel may be of great service to claimants in administrative proceedings. *See Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). *See generally* Meyerhoff and Mishkin, Application of *Goldberg v. Kelly*, Hearing Requirements to Termination to Social Security Benefits, 26 Stan.L.Rev. 549 (1974), Popkin, The Effect of Representation on Nonadversary Proceedings—A Study of Three Disability Programs, 62 Corn.L.Rev. 989 (1977). Mrs. Ware was plainly and unequivocally told that she had a right to be represented by "an attorney or any other qualified person." She elected to proceed without representation. Even a constitutional right to counsel may be waived. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Although the Social Security Act gives applicants a right to representation, 42 U.S.C. § 406, *see Granger v. Finch*, 425 F.2d 206 (7th Cir.), *cert. denied*, 400 U.S. 824, 91 S.Ct. 46, 27 L.Ed.2d 52 (1970), counsel is not thrust upon claimants. The Secretary is not provided with funds to retain counsel and there is available neither a public prosecutor of claims nor an independent ombudsman to assist claimants. Absence of counsel does not of itself impugn the hearing. *Green v. Weinberger*, 500 F.2d 203 (5th Cir. 1974); *Wilson v. Califano*, 597 F.2d 771 (5th Cir. 1979). If, however, Mrs. Ware can prove unfairness at the hearing or clear prejudice as a result of the absence of counsel, she is entitled to remand. *Green v. Weinberger*, 500 F.2d at 205, n.2.

We find no evidence of either unfairness or prejudice here. Counsel, we are told, might have called Dr. Chambers. Other than Mrs. Ware's written statement, however, there is no support for the thesis that this might have been helpful. Not even a letter or affidavit from him was offered, to the ALJ, to the Appeals Council, or to the District Court. An affidavit of another physician, Dr. Graham, was submitted to the district judge who, not incorrectly, refused to consider it. Dr. Graham's report stated that Mrs. Ware was suffering from depression and real and disabling complaints of pain. The report contained no references to medically acceptable clinical or laboratory findings. *See* 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A) and 20 C.F.R. § 404.1501(c). The report is dated June 6, 1979, and states that Dr. Graham has "only the statements of Caroline Ware upon which to base a statement as to when the condition began." Mrs. Ware's mental depression and disabling pain would not thereby be shown to relate back to March 31, 1977. Even in 1978, Dr. Graham had not examined Mrs. Ware and she had not yet suffered the nervous breakdown described.[4] No possibility that he would testify favorably for her concerning her condition in 1977 has been demonstrated. Therefore, the absence of counsel at the hearing in August 1978 cannot be considered prejudicial.

## V.

The statute empowers federal courts to remand a case to the Secretary for the taking of additional evidence "on good cause shown." Even though the record presented to the court contains substantial evidence to support the Secretary's decision, the Court has this power. *Walker v. Harris*, 642 F.2d 712 (4th Cir. 1981); *Williams v. Califano*, 590 F.2d 1332 (5th Cir. 1979). Mrs. Ware contends, in the alternative to the arguments previously considered, that the ALJ failed in his duty to develop fully all relevant facts and that this was exacerbated by her lack of counsel.

---

4. After the hearing, in an application for reconsideration, Mrs. Ware stated that she had spent three weeks in a nursing home suffering from a "nervous breakdown."

As we have already pointed out, administrative hearings under the Social Security Act are not adversary proceedings. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The hearing examiner has the duty, accentuated in the absence of counsel, *Livingston v. Califano*, 614 F.2d 342 (3d Cir. 1980), to develop the facts fully and fairly and to probe conscientiously for all of the relevant information. *Eiden v. Secretary of Health, Education & Welfare*, 616 F.2d 63 (2d Cir. 1980); *Cutler v. Weinberger*, 516 F.2d 1282 (2d Cir. 1975). It is his obligation to develop a full and fair record. *Smith v. Secretary of Health, Education & Welfare*, 587 F.2d 857 (7th Cir. 1978). Courts of appeals have found good cause to remand cases in which the ALJ has failed diligently to explore all relevant facts, especially where the claimant was uneducated and appeared without representation, if an adequate showing is made that the absence of counsel prejudiced the claimant. *See, e. g., Livingston v. Califano*, 614 F.2d 342 (3d Cir. 1980).

Here we find no violation of the ALJ's duties. The first charge of dereliction does not relate to incompleteness of the record, but to the ALJ's failure to warn Mrs. Ware that she bore the burden of proof and to instruct her on the value of representation. That such advice would have been appropriate we agree. Absent a showing of prejudice resulting from failure to give it, a remand is not required. The second is that he failed fully to develop the evidence because he failed to seek out Dr. Chambers and probe the job requirements of a nurse's aide. But even assuming a duty to do this, there is no evidence that the search or added evidence would have been beneficial to Mrs. Ware. Again we find no prejudice. In the absence of evidence that other evidence favorable to Mrs. Ware with regard to her condition on March 31, 1977, no cause has been shown for the taking of additional evidence.

For these reasons, the judgment is AFFIRMED.