**Wilbur F. RIALS**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare.**

**Civ. A. No. B–79–400–CA.**

United States District Court,
E. D. Texas,
Beaumont Division.

Aug. 7, 1981.

J. D. Rutland, Beaumont, Tex., for plaintiff.

Hal Cameron, Tyler, Tex., for defendant.

## MEMORANDUM OPINION

JOE J. FISHER, District Judge.

This case is here on cross-motions for summary judgment. Plaintiff seeks review of a final decision of the Secretary of Health and Human Services under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Plaintiff's application for disability benefits was denied both initially and on reconsideration by the Bureau of Disability Insurance of the Social Security Administration. A *de novo* hearing was held after which the Administrative Law Judge made a determination, based upon his own findings of fact, that the plaintiff was not disabled. The finding was approved by the Administration's Appeals Council. Plaintiff then filed this suit challenging the adverse administrative determination.

Plaintiff, Wilbur F. Rials is a fifty-nine year old male with a high school education. He last worked for the Coca Cola Bottling Company on October 3, 1973 where he was a route salesman for twenty-six years. Plaintiff claims disability since October 3, 1973 due to a back injury he sustained while lifting an eighty-seven pound can of syrup.

A laminectomy was performed late in 1974. A laminectomy was also performed on the plaintiff in 1952 in order to correct a prior, unrelated back injury. At a hearing before the Administrative Law Judge (ALJ) on March 1, 1979, plaintiff appeared without representation. Mr. Ted Jolly testified as a vocational expert.

On the reverse side of the notice of hearing was the following statement:

If you prefer to have a legal representative, but have difficulty in finding one or cannot afford it, you should ask the people at your local social security office about obtaining the services of an attorney through your local Bar Association, the Legal Aid Society, or some other organization in your area.

Any fee which your representative wishes to charge is subject to approval by the Bureau of Hearings and Appeals, and your representative must furnish you with a copy of the fee petition. When you receive your copy of the fee petition, you will have 20 days to comment, if you wish, regarding the requested fee.

If you are found entitled to past-due benefits and your representative is an attorney who intends to charge a fee, 25 percent of such past-due benefits will be withheld by the Social Security Administration pending receipt of a petition from the attorney and approval of a fee by the Bureau of Hearings and Appeals. If the approved fee is less than the 25 percent withheld, the amount of the fee will be paid to your attorney from the amount withheld and the difference will be sent to you. If the approved fee is more than 25 percent of your past-due benefits, the 25 percent will be paid to your attorney and the difference is a matter to be settled between you and your attorney.

If your representative is not an attorney, or if there are no past-due benefits, none of your benefits will be withheld and payment of any approved fee is a matter to be settled between you and your representative.

The notice of right to representation at the hearing is almost identical to the one

invalidated by the Fifth Circuit in *Clark v. Schweiker*, 652 F.2d 399 (5th Cir. 1981). There, the Court said that although notice of right to counsel was given, notice of the all important right of an opportunity to have free representation was absent. *See Clark, supra*, at 403. The Court further mentioned that although the notice was not intended to discourage a claimant from obtaining counsel, the tone of the notice was more likely to have that effect. *See Clark, supra*, at 403. Like the notice in *Clark*, the notice in this case leaves the plaintiff with the impression that he must bear the cost of any representation. This Court also gives consideration to the following colloquy that transpired between the plaintiff and the ALJ.

> ALJ: "Now, there is no one saying you need a doctor or a lawyer with you. If you wanted either one of them to appear, you'd have to pay them and make arrangements for them to be here. I just wanted to be sure you understood that first."
>
> CLMT: "Yes." (Tr. 19).

■ The Court recognizes that there is no Constitutional right to counsel at a Social Security hearing. *See Goodman v. Richardson*, 448 F.2d 388 (5th Cir. 1971). This Court further recognizes that the mere absence of counsel does not impugn the hearing. *See Wilson v. Califano*, 597 F.2d 771 (5th Cir. 1979); *Green v. Weinberger*, 500 F.2d 203 (5th Cir. 1974). However, a claimant does have a right to be notified of his right to be represented before the ALJ. *See Clark, supra*, at 403; *Herridge v. Richardson*, 464 F.2d 198 (5th Cir. 1972); *Goodman v. Richardson*, 448 F.2d 388 (5th Cir. 1971). A claimant also has the right to be notified of the possibility of free counsel and of the limitations on the fee that counsel could charge. *See Clark, supra*, at 403; *Benson v. Schweiker*, 652 F.2d 406 (5th Cir. 1981); *Doss v. Harris*, 638 F.2d 1354 (5th Cir. 1981).

Even a Constitutional right to counsel may be waived. *See Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981). Whether or not the right to representation has been waived by a Social Security claimant, the record must still disclose that there has been a full and fair hearing. *See Clark, supra*, at 404; *Cross v. Finch*, 427 F.2d 406 (5th Cir. 1970). Where there has been a waiver of counsel and the claimant is able to prove prejudice at the hearing, a remand is required. *See Ware, supra*, at 414; *Green v. Weinberger*, 500 F.2d 205. Such unreasonableness or prejudice may be proved by showing the Court what counsel might reasonably have been expected to have done to benefit the claimant's case before the ALJ. *See Clark, supra*, at 404.

■ Where the right to counsel has not been waived, the ALJ's basic obligation to develop a full and fair record rises to a special duty. *See Clark, supra*, at 9283; *Doss, supra*, at 1354. Under this standard, the Court is not required to determine that the presence of counsel would necessarily have resulted in any specific benefits in the handling of the case before the ALJ. *See Clark, supra*, at 404.

■ Whether or not there was a waiver of representation in the present case is a close question. However, this Court is of the opinion that no waiver is present. The plaintiff did receive notice of his right to representation from the Secretary, and was even informed by the ALJ of his right to counsel. However, this Court has determined that the notice from the Secretary failed to mention the possibility of free representation as did the notice from the ALJ. The plaintiff may have thought he was agreeing that he would have to pay for a lawyer. Assuming, arguendo, that there was a waiver, the only possible waiver the plaintiff could have made was that of the right to be represented by counsel at his own expense. The notice from the Secretary, being couched in terms tending to discourage the plaintiff from obtaining representation, further supports a finding of no waiver.

■ With the determination that there was no waiver, the Court need only as-

certain if the ALJ fulfilled his special duty by developing a full and fair record. The Court does not need to determine whether the presence of counsel would have resulted in any specific benefits in the handling of the case before the ALJ. In *Clark, supra,* the Court referred to the fact that in the three cases in which oral argument was heard, the hearings before the ALJ lasted thirty minutes, thirty-five minutes and fifty-one minutes respectively. Although the Court was not criticizing the ALJ's in those cases it did feel that such was insufficient to develop a full and fair hearing. In the present case, the hearings lasted only twenty minutes. (Tr. 16, 41). This, in and of itself, raises an inference that there was not a full and fair hearing.

When given an opportunity to question the vocational expert, the plaintiff, being unfamiliar with the procedural aspects of the hearing, simply summarized the various aspects of his disability rather than attempting to discredit the testimony of the vocational expert. In effect, there was no cross-examination. The ALJ placed too much emphasis on the fact that one doctor indicated that sedentary work was possible. (Tr.39). The ALJ also seemed to disregard the testimony of the plaintiff concerning pain, discomfort and the inability to become gainfully employed because of such. The Court further notes that the plaintiff brought forth no evidence to corroborate his pain and discomfort.

Counsel might reasonably have been expected to counter the ALJ's misconception of the weight of the doctor's evaluation that plaintiff could perform sedentary work. In addition, counsel might have stressed and corroborated the subjective symptoms of pain. The failure to stress these facts led the ALJ to resolve the credibility issue as to pain against the plaintiff. Finally, the Fifth Circuit has said:

> "Another area in which it is plain that counsel would almost inevitably have aided the claimant is in the matter of the hypothetical questions put to the vocational expert by the Administrative Law Judge." *See Clark, supra,* at 406.

On the record, the Court finds that there was no full and fair hearing and the plaintiff was prejudiced by lack of counsel.

The cause is hereby remanded for further proceedings consistent with this opinion.