**Norvella THOMAS, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. A–82–CA–181.**

United States District Court,
W.D. Texas,
Austin Division.

Oct. 4, 1983.

328

Tom Weathered, Legal Aid Society of Central Tex., Austin, Tex., for plaintiff.

Harold O. Atkinson, Asst. U.S. Atty., San Antonio, Tex., for defendant.

## MEMORANDUM OPINION

JACK ROBERTS, Senior District Judge.

This case is before the Court on cross-motions for summary judgment and a motion to remand. Norvella Thomas seeks review of a final decision of the Secretary of Health and Human Services under section 205(g) of the Social Security Act, 42 U.S.C. 405(g). Thomas' application for disability insurance benefits was denied both initially and on reconsideration by the Social Security Administration. Her application traveled the gamut of consideration and review within the Administration, and the finding was approved by the Administration's Appeals Council. Thomas then

filed this suit challenging the adverse administrative determination.

Thomas is a 58-year-old female with an eighth-grade education. She has worked as a nurses aide and as a housekeeper in private homes. When working in Lockhart Hospital in October 1978, she slipped on a wet floor and injured her shoulder and neck. Thomas claims that the resulting pain and headaches, in combination with her high blood pressure, render her totally disabled. At a hearing before the Administrative Law Judge (ALJ) on February 17, 1981, Thomas appeared without representation. A friend of hers was at the hearing to corroborate her testimony.

On the reverse side of the notice of hearing was a statement about obtaining legal representation and a discussion about the payment of legal fees subject to approval by the Bureau of Hearings and Appeals. This notice of right to representation at the hearing is almost identical to the one invalidated by the Fifth Circuit in *Clark v. Schweiker*, 652 F.2d 399 (5th Cir.1981). *See also Rials v. Califano*, 520 F.Supp. 786 (E.D.Tex.1981). In *Clark* the court said that although notice of right to counsel had been given, notice of the opportunity to have free representation was absent. *Clark*, 652 F.2d at 403. The court further mentioned that although the notice was not intended to discourage a claimant from obtaining counsel, the tone of the notice was more than likely to have that effect. *Id.*

This Court realizes that there is no way that the notice to the claimant could guarantee the availability of free legal services. It does note, however, that in the office in which this claim was pending there are several federally funded or locally supported legal service groups whose entire existence is for the purpose of handling civil claims such as the one filed on behalf of Thomas. The Court notes also that like the notice in *Clark*, the notice in this case leaves a claimant with the impression that he must bear the cost of any representation.

This Court also gives consideration to the following colloquy that transpired between Thomas and the ALJ:

ALJ: Now, you have the right to have an attorney represent you at this hearing. It's not necessary to have one, but that is the right that you have, and I assume that you are not going to have one?

THOMAS: No, I don't have one.

ALJ: Do you think you need one?

THOMAS: Well, I just really don't know. I mean—.

ALJ: Well, that's a decision you have to make for yourself. I can't do that for you. If you think you need an attorney I'll postpone the hearing.

MR. BRANCH (friend of Thomas): She don't think she needs an attorney. She just wants to know what will be the decision then—and if not, why is it, what is the problem.

ALJ: Well, I would rather hear it from her.

THOMAS: Yes, I would just—I don't think that I would get one. I would just like to try on my own.

ALJ: All right. If you think you need an attorney, you let me know.

THOMAS: I sure will.

Tr. 32.

The Court recognizes that there is no constitutional right to counsel at a Social Security hearing. *Goodman v. Richardson*, 448 F.2d 388 (5th Cir.1971). It further recognizes that the mere absence of counsel does not impugn a hearing. *Wilson v. Califano*, 597 F.2d 771 (5th Cir. 1979). A claimant does, however, have a right to be notified of his right to be represented before the ALJ. *Clark*, 652 F.2d at 403. A claimant also has the right to be notified of the possibility of free counsel and of the limitations on the fee that counsel could charge. *Id.; see also Benson v. Schweiker*, 652 F.2d 406 (5th Cir.1981).

However, even a constitutional right to counsel may be waived. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Whether or not there was a waiver of representation in the

present case is a close question. This Court, however, is of the opinion that no waiver occurred. Thomas did receive notice of her right to representation from the Secretary and was even informed by the ALJ of her right to counsel. But the notice from the Secretary failed to mention the possibility of free representation, as did the notice from the ALJ. Thomas may have thought she would have to pay for a lawyer.

Moreover, the entire exchange between the ALJ and Thomas reflects considerable indecision and equivocation on her part about whether she wanted to have an attorney. Her reply therefore must be considered as something less than unequivocal waiver. *Cf. Benson*, 652 F.2d at 408. Assuming, arguendo, that there was a waiver, the only possible waiver Thomas could have made was that of the right to be represented by counsel at her own expense. The notice from the Secretary, being couched in terms tending to discourage a claimant from obtaining representation, further supports a finding of no waiver.

■ Regardless of the adequacy of the notice in this case, however, and regardless of whether Thomas waived her right to representation, this Court concludes that the hearing before the ALJ did not meet the standards of a "full and fair hearing" set out by the Fifth Circuit in *Herridge v. Richardson*, 464 F.2d 198 (5th Cir.1972). Whether or not the right to representation has been waived by a Social Security claimant, the record must still disclose that there has been a full and fair hearing. *Clark*, 652 F.2d at 404. Moreover, administrative hearings under the Social Security Act are not adversary proceedings. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "The hearing examiner has a duty, accentuated in the absence of counsel, to develop the facts fully and fairly and *to probe conscientiously for all of the relevant information.*" *Ware v. Schweiker*, 651 F.2d 408 at 414 (5th Cir.1981) (emphasis added).

■ Courts of appeals have found good cause to remand cases in which the ALJ failed to diligently explore all relevant facts, especially when the claimant was uneducated, appeared without representation, and an adequate showing was made that the absence of counsel prejudiced the claimant. *See, e.g., Benson v. Schweiker*, 652 F.2d 406 (5th Cir.1981); *Livingston v. Califano*, 614 F.2d 342 (3d Cir.1980). *See also Rials*, 520 F.Supp. at 789. Where a court has determined, as this Court has, that the claimant had not waived his right to counsel at the hearing, the court does not need to determine whether the presence of counsel would have resulted in any specific benefits in the handling of the case before the ALJ. *Clark*, 652 F.2d at 404.

In *Clark*, the court noted that in the three cases in which oral argument had been heard, the hearings before the ALJ lasted 30 minutes, 35 minutes, and 51 minutes respectively. *Id.* In the present case, the hearing lasted only 35 minutes. Tr. 32, 47. Moreover, more than half of that time was apparently spent on introductory matters and on the question of whether there had been good cause for Thomas' failing to timely request a hearing. Tr. 32–40. This, in and of itself, raises an inference that there was not a full and fair hearing. *Cf. Rials*, 520 F.Supp. at 789.

■ The hearing before the ALJ in this case was inadequate in several ways. Thomas was never informed of her right to subpoena and cross-examine witnesses. When she attempted to state her disagreement with some of Dr. Edwin Buster's reports, the ALJ cut her off. Tr. 33. Although he told her she could "testify to that," he moved on to other matters and did not later ask her to explain why she challenged Dr. Buster's statements. *Id.* Thomas, being unfamiliar with the procedural aspects of the hearing, was thereby in effect denied a meaningful opportunity to rebut an important piece of unfavorable evidence. In effect, there was no cross-examination.

Counsel might reasonably have been expected to counter the ALJ's apparent misconception that Dr. Buster found no abnor-

malities that explained Thomas' pain. For instance, although Dr. Buster noted that Thomas' second electromyogram (EMG) was normal, his observation must necessarily be restricted to pertain to the muscles that were examined in the second test. *See* Tr. 109. Apparently only one of the several muscles that had appeared abnormal in the first EMG was examined and found to be normal in the second EMG. *Cf.* Tr. 109 *with* 110. Thus, while the second test showed some improvement, it did not change the diagnosis that Thomas showed a probable C6 radiculopathy. Tr. 94.

Moreover, counsel would almost certainly have challenged the ALJ's perception that there was little objective evidence to support Dr. Everett Heinze's statement that Thomas is unable to work. Tr. 20, 120. Dr. Heinze's medical records include reports of all the tests that Thomas' previous physicians had reviewed, and his reports refer to various other tests that support his diagnosis and opinion. Tr. 102–20. Furthermore, Dr. Heinze had treated Thomas for more than a year, including several weeks of hospitalization to take part in his pain treatment program. His opinion simply cannot be dismissed as "not well supported by objective evidence." Tr. 20. The failure to discuss and emphasize the evidence supporting Dr. Heinze's opinion led the ALJ to resolve the credibility issue against Thomas.

Finally, the ALJ completely ignored Thomas' hospitalization in November 1980 for hypertension and back pain. When Thomas told the ALJ that she had recently been in the hospital, he simply observed that there was no record of it and asked her where the hospital is. Tr. 35. The ALJ made no attempt to develop the evidence about Thomas' stay in the hospital or even to inform her of her right to submit the hospital records as evidence. By the time that Thomas secured the services of an attorney, it was too late for the attorney to review her case and present additional evidence. Tr. 8. The ALJ failed to fulfill his duty "to probe conscientiously for all of the relevant information." *See Ware,* 651 F.2d at 414.

On the record, the Court finds that there was no full and fair hearing and the plaintiff was prejudiced by lack of counsel. It is accordingly

ORDERED, ADJUDGED, and DECREED that Defendant's motion for summary judgment be, and hereby is, DENIED and that Plaintiff's motion for remand be, and hereby is, GRANTED. The cause is hereby remanded for further proceedings consistent with this opinion.