Ida Mae ASBERRY, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

Civ. A. No. C83–1292A.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 23, 1984.

Gary Flack, Atlanta, Ga., for plaintiff.

Myles Eastwood, Jere Morehead, Asst. U.S. Attys., Atlanta, Ga., for defendant.

## ORDER OF THE COURT

FORRESTER, District Judge.

Before the court is the unobjected-to Report and Recommendation of the Magistrate in this Social Security case. Magistrate Chancey recommends remand both because he is of the opinion that the Administrative Law Judge required the plaintiff's subjective complaints of pain to be supported by medical evidence and also because he concludes that the Administrative Law Judge failed to accord proper weight to the reports of plaintiff's treating physicians. The court concurs with the Magistrate on the last point, and, consequently, remand is appropriate.

The handling of the subject of subjective evidence of disability on account of pain is understandably difficult for Administrative Law Judges in view of the apparently conflicting signals from the decisions of our circuit. On closer reading of decisions on this subject it may be that the results are harmonious, though the distinctions made are subtle.

■■■ This court will attempt to set out the law briefly as it understands it. Subjective evidence of the existence and intensity of pain may be introduced through witnesses other than health care professionals. Such evidence may not be summarily disregarded solely because there is no medical evidence supporting it. *De-Paepe v. Richardson*, 464 F.2d 92, 99 (5th

Cir.1972). The subjective symptoms must, however, be linked to a "medically determinable impairment," *Ware v. Schweiker*, 651 F.2d 408 (5th Cir.1981). This is not to say that subjective evidence should take precedent over conflicting objective medical testimony. To the contrary, it is for the Administrative Law Judge to decide, based on all of the evidence including the subjective and the objective evidence, whether the claimant suffers pain and whether the pain to that claimant is so severe as to disable him. *Gaultney v. Weinberger*, 505 F.2d 943, 945–46 (5th Cir.1974). Where, however, an Administrative Law Judge takes the position that, as a matter of law, the subjective evidence of the degree, intensity, or disabling nature of the pain will not be considered unless supported by clinical or laboratory diagnostic techniques, error is committed and a remand is required. *Wiggins v. Schweiker*, 679 F.2d 1387 (11th Cir. 1982).

This court understands that Judge Godbold interpreted the findings of the Administrative Law Judge as requiring as a matter of law clinical support for the subjective evidence in *Diorio v. Heckler*, 721 F.2d 726 (11th Cir.1983), and such an interpretation would, of course, account for the remand granted there.

■■■ In the case at bar the Administrative Law Judge considered the subjective evidence of pain and made a determination to disregard it based on a weighing of the conflicting evidence. He did not disregard it as a matter of law. To be sure, at one point the Administrative Law Judge held that "there were numerous clinical and diagnostic testings that failed to show any significant abnormalities to support the degree of pain that the claimant was alleging." If this were the only statement, then this court might fairly infer that the Administrative Law Judge discounted the subjective evidence as a matter of law. It is not. Instead, the Administrative Law Judge begins his assessment of the claimant's credibility by observing that at the time many of the statements concerning pain were made, the claimant was involved

in personal injury litigation stemming from an automobile accident. The interest of the witness is certainly a traditional consideration in assessing the credibility. Further, he noted at another point that after the claimant was hospitalized because of a claim of intractable back pain the doctor found that factors of importance in understanding her pain were "learned helplessness, muscle disuse, excessive weight, and pending litigation." The neurological evaluation on that occasion was unphenomenal. The claimant was seen by another physician who attempted a neurological investigation but was unsuccessful in part because of inconsistent sensory distribution which indicates that the claimant was not giving the doctor truthful responses. This examination was conducted for the purpose of evaluating the injuries incurred in the automobile accident. Significantly, immediately after the automobile accident she was seen by one physician who, after a substantial orthopedic examination, found no back problem beyond a pre-existing sway-back deformity. That doctor told the claimant that she was able to return to work. Thereafter, the claimant sought other medical advice. All of these factors were considered by the Administrative Law Judge in deciding to discredit the subjective evidence of pain. As this court understands it, all of these factors bear directly on the credibility of the witness and were appropriately considered. There is certainly an ample basis for the Administrative Law Judge to disbelieve the claimant.

In the respects just set out, the court disagrees with the opinion of the Magistrate, and to that extent his Report and Recommendation is rejected. The court does believe, however, that the matter ought to be remanded to the Secretary for a full consideration of all of the evidence by the treating physicians, for a determination as to whether anything in their reports would support a finding of a disability or would change the Administrative Law Judge's decision on his previously made credibility choice.