[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13028

Non-Argument Calendar

_____

KATHY ELAINE PONS,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:20-cv-00016-MAF

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Kathy Pons appeals the district court's order affirming the Commissioner of Social Security's denial of disability insurance benefits. She argues that the administrative law judge erred in failing to weigh the medical opinion of Dr. Linda Kay Fox or provide good cause for rejecting that opinion. The Commissioner concedes that the administrative law judge did not discuss Dr. Fox's opinion but argues that the opinion was practically irrelevant because it did not address the time period when Pons was eligible for disability insurance benefits. After review, we hold that even if the administrative law judge erred by failing to consider Dr. Fox's opinion, any such error was harmless. Accordingly, we affirm.

## I.    BACKGROUND

Pons applied for disability insurance benefits in 2013. She alleged disability due to headaches and neck, shoulder, and lower back pain, and reported that repetitive motion exacerbated her pain. She alleged a disability onset date of June 24, 2011, and her last insured date was December 31, 2011. She therefore had the burden of showing that she was disabled during the roughly six-month period between her alleged onset date and last insured date. After a hearing, an administrative law judge issued a decision denying benefits and concluding that, during the six-month period at issue, Pons was capable of performing work at the light exertional

21-13028               Opinion of the Court                    3

level and that jobs existed in significant numbers in the national economy that she could perform. Pons filed an administrative appeal with the Social Security Appeals Council, which denied review. She then filed suit in federal district court. In September 2018, the district court reversed and remanded for a redetermination of Pons's residual functional capacity.

On remand, a second hearing was held at which Pons and a vocational expert testified. This time, Pons submitted certain treatment records by Dr. Linda Kay Fox. Dr. Fox began treating Pons in February 2015. Dr. Fox's records included a "Fibromyalgia Medical Opinion" questionnaire from June 2019—the month before the hearing—which appears to have been prepared upon review of records received from Pons's previous treating physician, Dr. Hulon Crayton. Pons submitted two versions of the form, both dated June 25, 2019. The second version contained additional notes on Pons's limitations related to "reaching, handling or fingering." The second, more detailed form stated Dr. Fox's opinion that Pons required continuous breaks, needed to elevate her legs half of the day, would be off task more than a quarter of the day, would miss more than four days of work a month, and was incapable of even low stress work, among other limitations. The form prompted Dr. Fox to state her "Frequency and length of contact" with Pons, to which Dr. Fox replied "~~2013~~ 2011 per Dr. Crayton." Dr. Fox's office was unable to provide additional records from before 2018, asserting that their paper records were destroyed during Hurricane Michael.

4                    Opinion of the Court                    21-13028

In September 2019, the administrative law judge issued a second unfavorable decision, concluding that Pons was not disabled during the six-month period between her alleged onset date and her last insured date. Importantly, the decision did not weigh the opinion statements of Dr. Fox regarding Pons's work-related limitations, nor did it state good cause for rejecting them. After the Appeals Council denied review, Pons filed suit in district court, challenging the decision on several grounds including its failure to address Dr. Fox's medical opinion. The district court affirmed the decision in all respects. Relevant here, the district court concluded that the administrative law judge's failure to consider and credit the opinion of Dr. Fox was, at most, harmless error. Pons filed a motion to alter or amend the judgment, which the district court denied. Pons then appealed.

## II.    STANDARD OF REVIEW

When the Appeals Council of the Social Security Administration declines to review an administrative law judge's decision denying disability benefits, as occurred here, we review that administrative law judge's decision as the final decision of the Administration's Commissioner. *Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1103 (11th Cir. 2021). We review the administrative law judge's legal conclusions *de novo* and his factual findings for substantial evidence. *Id.* "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc.*

*Sec.*, 363 F.3d 1155, 1158 (11th Cir.2004) (quoting *Lewis v. Calla-han*, 125 F.3d 1436, 1439 (11th Cir.1997)).

## III.    DISCUSSION

The district court held that, even if the administrative law judge erred by failing to expressly consider Dr. Fox's opinion, that failure was harmless. [Doc. 45 at 41–43] Pons argues that the administrative law judge erred in failing to either weigh Dr. Fox's opinion or state good cause for rejecting it. She asserts that, though Dr. Fox did not begin treating her until 2015, her medical opinion was relevant because Dr. Fox stated that she relied on treatment records from her previous treating physician which dated back to the relevant six-month period in 2011. And Pons contends that the error was not harmless because Dr. Fox identified limitations that, according to the vocational expert, would have prevented Pons from finding work in the national economy. The Commissioner responds that, even if failing to discuss Dr. Fox's opinion was error, the error was harmless because Dr. Fox's opinion was formed years after the six-month period at issue and was inconsistent with other evidence in the record. For the reasons given below, we affirm the district court.

The administrative law judge must state with particularity the weight given to different medical opinions and the supporting reasons. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). We have held that an administrative law judge must give a treating physician's conclusions "substantial or

6                    Opinion of the Court                  21-13028

considerable weight" unless there is "good cause" to discount them. *Simon*, 7 F.4th at 1104 (quoting *Lewis*, 125 F.3d at 1440). "Good cause" exists where "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). The failure to do so is reversible error. *Lewis*, 125 F.3d at 1440.

The Social Security regulations define a "treating source" as a medical source, including a physician, who has provided the claimant with medical treatment and has, or previously had, an ongoing treatment relationship with the claimant. 20 C.F.R. §§ 404.1502, 404.1527. The regulations do not clearly distinguish between physicians who treated the claimant during the relevant period and those who treated her after that period ended. See 20 C.F.R. § 404.1527.

We have applied the harmless error rule to social security appeals. See Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983). If an error is harmless, we will not remand for further findings where doing so would be a "wasteful corrective exercise." See Ware v. Schweiker, 651 F.2d 408, 412 (5th Cir. Unit A July 1981).

As an initial matter, we note that the critical date for establishing entitlement to benefits is the last insured date. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) ("For [disability insurance benefit] claims, a claimant is eligible for benefits where she demonstrates disability on or before the last date for which she

were insured.") (citing 42 U.S.C. § 423(a)(1)(a)); 20 C.F.R. § 404.131. To be entitled to benefits, a claimant must make a showing of disability "on or before that date." *Id.* Pons was last insured on December 31, 2011. She is therefore entitled to benefits only if she can demonstrate that she was disabled during the six-month period between June 24, 2011 (the alleged onset date) and December 31, 2011 (the last insured date).

The Commissioner argues that Dr. Fox is not a treating physician at all because she did not treat Pons during the six-month period at issue. Dr. Fox did not begin treating Pons until 2015, and she did not fill out the "Fibromyalgia Medical Opinion" questionnaire until 2019. She based her opinion in part on reviewing records created by another physician, Dr. Crayton, that were already part of the record. Insofar as her opinion was based on what was reflected in Dr. Crayton's records from an earlier time, Dr. Fox's opinion of Pons's limitations between June and December 2011 was more like that of a reviewing or consulting physician.

Nevertheless, even assuming *arguendo* that Dr. Fox's opinion is subject to the treating physician rule and that the administrative law judge erred in failing to address it, any such error was harmless. The error was harmless because the administrative law judge's good cause for rejecting Dr. Fox's opinion is plainly evident on the face of the record, rendering remand futile.

First, Dr. Fox's opinion is based on a review of records and her inactions with Pons after Pons's last insured date. To the extent her opinion "relates back" to the relevant period in 2011, that is

because the opinion is based on a review of Dr. Crayton's records, which were part of the administrative record that the administrative law judge addressed. Dr. Crayton's records supported the administrative law judge's finding that Pons's alleged pain stemming from fibromyalgia was not as severe as she alleged, and Dr. Fox's opinion added no new information about Pons's limitations during the relevant six-month period in 2011.

Second, to the extent Dr. Fox's opinion addressed the relevant time period, Dr. Fox's opinion was inconsistent with her own medical records. Dr. Fox's "Fibromyalgia Medical Opinion" questionnaire said that Pons suffered from, among other things, chronic fatigue and migraines. But, Dr. Fox's treatment notes indicate that, before June 2019, Pons had consistently denied experiencing fatigue and headaches. Dr. Fox said that Pons could not sustain even "an easy job" for eight hours a day and five days a week, and that she was incapable of tolerating even "low stress work." But in her earlier records, Dr. Fox had repeatedly reported that Pons's condition was "stable with good response clinically to current medical regimen."

Accordingly, even assuming *arguendo* that the administrative law judge erred in failing to expressly address Dr. Fox's opinion, we conclude that any error was harmless. Dr. Fox's opinion was formed long after the relevant six-month period in 2011 had ended. And it was inconsistent with Pons's own statements and her own medical records. Therefore, we affirm the denial of benefits.

**AFFIRMED.**